**ORIGINAL**

FILED

JULY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

RECEIVED

JUL 0 9 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

Farnardo Anderson
_____

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

08 C 50 1 35

vs.

Case No: _____
(To be supplied by the Clerk of this Court)

Gary Lopac, Nedra Chandler,

Chris Barnhart, Jackie Miller,

& Roger E. Walker Jr.

_____

_____

_____

Reinhard

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

## CHECK ONE ONLY:

_____x_____   **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____   **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.    **Plaintiff(s):**

    A.    Name:  Farnardo Anderson

    B.    List all aliases:  N/A

    C.    Prisoner identification number:  #B42552

    D.    Place of present confinement:  Dixon Correctional Center

    E.    Address: 2600 N. Brinton, Dixon, IL. 61021

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant:  Gary P. Lopac

       Title: Superintendent of Dixon Correctional Industries

       Place of Employment: Dixon Correctional Center

    B.    Defendant:  Nedra Chandler

       Title:  Warden

       Place of Employment:  Dixon Correctional Center

    C.    Defendant:  Chris Barnhart

       Title: Grievance Officer

       Place of Employment:  Dixon Correctional Center

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

D.    Defendant: Jackie Miller

Title: Administrative Review Board Office of Inmate Issues

Place of Employment: IDOC Administrative Offices, Springfield, IL.

E.    Defendant: Roger E. Walker Jr.

Title: Director of IDOC

Place of Employment: IDOC Administrative Offices, Springfield, IL.

*The address for Dixon Correctional Center is; 2600 N. Brinton, Dixon, IL. 61021

*The address for IDOC Administrative Offices is; 1301 Concordia Court Ct., P.O. Box 19277; Springfield, IL. 62794-9277

III.    **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES (**x**)  NO (  )  If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES (**x**)  NO (  )

C.    If your answer is **YES**:

1.    What steps did you take?
      I submitted my grievance to the counselor, the grievance
      officer and appealed it to the Administrative Review Board.

2.    What was the result?
      It was denied at all levels.

3.    If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)
      The Administrative Review Board denied the appeal of my
      grievance concurring with the institutional grievance officer.

D.    If your answer is **NO**, explain why not:
                                    N/A

E.  Is the grievance procedure now completed?  YES (**X**)  NO ( )

F.  If there is no grievance procedure in the institution, did you complain to authorities?  YES ( )  NO ( )        N/A

G.  If your answer is **YES**:

    1.  What steps did you take?

        N/A

_____

_____

_____

    2.  What was the result?

        N/A

_____

_____

_____

H.  If your answer is **NO**, explain why not:  N/A

_____

_____

_____

IV.   **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):**

A.   Name of case and docket number: _____N/A_____

_____

B.   Approximate date of filing lawsuit: _N/A_____

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _N/A_____

_____

_____

_____

D.   List all defendants: _____N/A_____

_____

_____

_____

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _N/A_____

F.   Name of judge to whom case was assigned: _N/A_____

_____

G.   Basic claim made: _N/A_____

_____

_____

H.   Disposition of this case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?): _N/A_____

_____

_____

I.   Approximate date of disposition: _N/A_____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT.  REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.  CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

## STATEMENT OF CLAIM

Now comes, pro se plaintiff, Farnardo Anderson, and states as follows;

### JURISDICTION AND VENUE

1. Pursuant to 28 USCA § 1331 and 42 USCA § 1983 this court has jurisdiction and venue is proper over this complaint alleging 1st and 14th amendment violations to the Constitution of the United States.

### PARTIES

2. As of all times relevant, plaintiff Farnardo Anderson has been an inmate at the Dixon Correctional Center since September of 2001 and is still there to date.

3. As of all times relevant, plaintiff was assigned to work in the prison industry eyeglass shop from; March 1, 2006 to February 8, 2008.

4. As of all times relevant to this complaint defendant's; Superintendent of Correctional Industries Gary Lopac, Warden Nedra Chandler, Grievance Officer Chris Barnhart,  were employed at the Dixon Correctional Center in the positions of their above stated titles and are still employed there to date.

5. As of all times relevant to this complaint defendant's; Administrative Review Board Office of Inmate Issues Officer Jackie Miller and Director Roger E. Walker Jr.  were employed at the IDOC administrative offices in Springfield, Illinois in the positions of their above stated titles and are still employed there to date.

6. Defendant's are sued in their individual and official capacities.

7. Relief is sought against each and all defendant's requesting the court grant; punitive, compensatory, and injunctive damages for the constitutional violations of his 1st and 14th amendment rights.

8. Defendant's named in this complaint as of all times relevant were directly

responsible for the safety, security and well being of all the inmates at the

Dixon Correctional Center.

9. At all times relevant herein the defendant's were "people" for the purposes

of 42 USCA § 1983, and acted under the color of state law to deprive the plaintiff

of his constitutional rights as set forth more clearly below.

## STATEMENT OF FACTS

10. On March 1, 2007, Superintendent Gary Lopac Called the plaintiff into

his office and stated to him that due to a new 6 month time limit for an inmate

in the State of Illinois to remain assigned to the same work assignment the assignment

committee was reassigning him and that Warden Chandler and Director Roger E. Walker

Jr. had authorized it.

11. Upon the plaintiff's enquiring about the validity of defendant Lopac's

explanation for why he was being reassigned he discovered from his counselor that

the assignment committee did not reassign him. When the plaintiff spoke with Warden

Chandler about the incident she stated that she neither knew anything about the

reassignment, nor had she authorized it and that Mr. Lopac was lying and she would

look into the matter. It was also discovered that Director Roger E. Walker Jr.

had no involvement or knowledge in the plaintiff's reassignment either.

12. Upon the warden's inquiring with Mr. Lopac about the reassignment of

the plaintiff he stated that his reason for reassigning him was due to poor work

performance.

13. After filing a grievance (No. 07-03-17) and the matter was investigated,

the plaintiff was restored to his assignment within 10 days of being fired, after

it was determined that superintendent Lopac had lied about the circumstances surrounding

his reasons for firing the plaintiff. The Investigation revealed that the plaintiff

actually had an exemplary work performance record that had been thoroughly documented

in his file at the eyeglass shop, got along well with co-workers, received no

disciplinary reports or reprimands, was given pay increases and the 6 month reassignment rule did not apply to industry workers.

14. On February 8, 2008, Superintendent Lopac called the plaintiff and 3 of 8 workers who were assigned to the same work area into his office and questioned them about; who was responsible for making some specific trays for shipment,

15. Everyone questioned responded that they did not know who marked the unauthorized trays. At this time the plaintiff was asked to leave his assignment and not to return until it was discovered who was responsible for the trays and as a result was later fired without justification, because it was never determined that he was responsible for the trays in question.

16. Superintendent Lopac singled the plaintiff out in retaliation for his writing a prior grievance regarding the first incidence in which he was terminated from his assignment without justification and regained his assignment as a result of Mr. Lopac's arbitrary and false reasons implemented to terminate the plaintiff. Out of 80 other workers in the eyeglass shop who have unlimited access to all the areas in the shop and could have been responsible for the unauthorized trays Mr. Lopac without any proof what so ever has determined that the plaintiff is to blame for the unauthorized trays.

17. On February 20, 2008, the plaintiff filed a grievance (#08-02-146) with the counselor concerning his being fired from his assignment a second time without justification. After interviewing Mr. Lopac his response was that; there was garbage work going out, altered paperwork and that no one gave information or took responsibility for the incident. He further stated; that he did not need to issue an IDR to remove a worker.

18. The grievance officer Chris Barnhart denied the plaintiff's grievance and Warden Chandler concurred by signing off, although witnesses whom the plaintiff presented to be interviewed were not interviewed and doing so would not have jeopardized

institutional safety or correctional goals.

19. Defendant Jackie Miller of the Administrative Review Board Office of Inmate Issues, denied the plaintiff's grievance appeal, and Director Roger E. Walker Jr. concurred signing off on the decision which was based on an incomplete record, because of the grievance officer at the institutions failure to investigate witnesses.

20. The process in which the plaintiff was terminated from his assignment on 2 different occasions without disciplinary infraction or report, suspension, drop in pay grade, or any other type of sanction or prior warning is contrary to the normal firing procedure in the correctional industry at the institution and the first time such action has ever been taken against an inmate in this manner at this institution.

21. The matter presented to this court in this suit is not a question of a prisoners right to an assignment, but rather, a showing that the defendant's by their actions have violated the plaintiff's 1st amendment rights to the United States Constitution where they retaliated against him for writing grievances and also his 14th amendment rights where they have denied him due process and equal protection.

## COUNT ONE

### RETALIATION

1st Amendment violation, Superintendent Gary lopac

22. Correctional Industry Superintendent Gary Lopac violated the plaintiff's 1st amendment rights of the United States Constitution when he retaliated against the plaintiff by terminating him from his work assignment in the prison industry eyeglass manufacturing shop based on the furtherance of no penological interest, but rather, solely motivated by the plaintiff's practicing his protected right to grieve prison issues.

## COUNT TWO

### EQUAL PROTECTION

14th Amendment violation, Superintendent Gary Lopac

23. Correctional Industry Supervisor Gary Lopac violated the plaintiff's

14th amendment rights of the United States Constitution to equal protection when

he intentionally, arbitrarily and irrationally terminated the plaintiff from his

work assignment on two different occasions without justifiable cause, reason,

or record of any work related or disciplinary problem, demonstrating favorable

treatment to all the other similarly situated industry workers over the plaintiff.

## COUNT THREE

### DUE PROCESS

14th Amendment violation, Superintendent Gary Lopac

24. Correctional Industry Supervisor Gary Lopac violated the plaintiff's

14th amendment rights of the United States Constitution to due process when he

removed the plaintiff from his job assignment without premise nor; disciplinary

reason, poor job performance, security or administrative reason.

14th Amendment violation, Warden Nedra Chandler

25. Warden Nedra Chandler denied the plaintiff of his 14th amendment rights

to the United States Constitution when she concurred with the plaintiff's wrongful

termination from the prison industry by signing off on the denial of his grievance

which was based on an incomplete record, because of the failure to investigate

plaintiff's witnesses which he requested by documenting them in his grievance

to be interviewed,  and where conducting such an investigation would not have

jeopardized institutional safety nor any correctional goal. As a result of Warden

Chandler's systematic enforcement of a policy at Dixon C.C. that violates the

rights of inmates she is liable.

14th Amendment violation, Grievance Officer Chris Barnhart

26. Grievance Officer Chris Barnhart violated the plaintiff's 14th amendment

rights of the United States Constitution to due process when he denied the plaintiff's

when he denied the plaintiff's grievance based on an incomplete record, because

of his failure to investigate witnesses the plaintiff provided to substantiate

his defense, and interviewing the witnesses would not have jeopardized institutional

safety or correctional goals in any manner.

14th Amendment violation, Adminstrative Review Board Office of Inmate Issues

Officer Jackie Miller

27. Administrative Review Board Office of Inmate Issues Officer Jackie Miller

violated the plaintiff's 14th amendment right of the United States Constitution

when  she concurred with the denial of the plaintiff's grievance based on an incomplete

record where  the institutional grievance officer failed to interview witnesses

that the plaintiff had requested in his grievance to be questioned in support

of his defense, and interviewing witnesses would not have jeopardized institutional

safety nor correctional goals in any manner.

14th Amendment violation, Director Roger E. Walker Jr.

28. Director Roger E. Walker Jr. violated the plaintiff's 14th amendment

rights of the United States Constitution when he concurred with the denial of

the plaintiff's grievance by signing off, because it was based on an incomplete

record based on the failure to investigate witnesses the plaintiff presented to

be interviewed in his defense and in enforcing a policy that is not in accordance

with IDOC rules and regulations that violates inmates rights.

## PRAYER FOR JUDGEMENT

**Wherefore,** plaintiff prays this most honorable court grant:

a. Punitive damages in the amount of $75,000.00 per defendant,

b. Compensatory damages of back payment for the period of which plaintiff

would have been working in the prison industry had he not been terminated, calculated

according to the pay rate he was receiving at the time he was terminated, and

by the amount of days and hours the industry workers reported for work,

c. Injunctive relief in the form restoring the plaintiff to his assignment at the same pay rate and position as prior to his termination, and against future retaliation or any other violation of the plaintiff's rights by the defendant's, their agents, successors, employees, and persons acting in concert or cooperation with them,

d. Plus; costs, attorneys fees, and for all such relief the court deems appropriate under the circumstances.

Respectfully Submitted,

ANDERSON #B42552

Farnardo Anderson #B42552
2600 N. Brinton
Dixon, IL. 61021

By signing this complaint, I certify that the facts stated in this complaint are true and correct to the best of my knowledge, information and belief. I understand that this certification is not correct, I may be subject to sanctions by the court.

Signed this 25th day of June , 2008.

ORIGINAL

**IN THE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

Farnardo Anderson                    )
    Plaintiff,                   )
                   )      **08 C 50 135**
                   )    Case No._____
    v.                           )
                   )    Judge_____
                   )
Gary Lopac, Nedra Chandler, Chris    )
Barnhart, Jackie Miller, & Roger     )
E. Walker Jr.                        )
    Defendant(s).                )
                   )

## AFFIDAVIT AND PROOF OF SERVICE

    Please take notice that I have filed the original and one copy of the ensuing civil rights complaint, plus five additional copies for the defendant's, with the clerk of the above specified court, by placing them in the U.S. Mail, at the Dixon Correctional Center, on this __25__ th day of __JUNE, 2008_____,
2008.

    Pursuant to USC § 1746(2), I hereby swear under penalty of perjury that the foregoing is true and correct.
**Executed:**_____ __6-25_____, 2008.

Respectfully Submitted,

*MR. ANDERSON #B42552*
Farnardo Anderson #B42552
2600 N. Brinton
Dixon, IL. 61021

UNITED STATES POSTAGE

PITNEY BOWES

$ 04.8

02 1M
0004254712        JUL 08
MAILED FROM ZIP CODE 6



This Correspondence Is From
An Inmate Of The Illinois
Dept Of Corrections