## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50135 | **DATE** | 7/30/2008 |
| **CASE TITLE** | Farnardo Anderson (B-42552) v. Lopac, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff has paid the required filing fee. Counts II and III of Plaintiff's complaint are dismissed. Defendants Nedra Chandler, Chris Barnhart, Jackie Miller, and Roger E. Walker, Jr. are dismissed. The Court appoints Troy Haggestad of WilliamsMcCarthy, 120 West State Street, P.O. Box 219, Rockford, Ill. 61105, 815-987-8900, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The warden having custody over Plaintiff is directed to make Plaintiff available at a designated Department of Corrections video conference facility to appear before Magistrate Judge Michael Mahoney for a status/settlement conference on September 3, 2008 at 10:30 a.m.

*/s/ Philip G. Reinhard*

■[For further details see text below.]

Docketing to mail notices.
Copy to Magistrate Judge Mahoney

### STATEMENT

Plaintiff, Farnardo Anderson, an inmate at the Dixon Correction Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the Defendants violated his constitutional rights by retaliating against him for filing a grievance, terminating his work assignment in the prison, and denying his grievance regarding the termination of his work assignment.

Plaintiff has paid the required filing fee. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint and dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that all but one of Plaintiff's claims fail to state an actionable federal claim as a matter of law.

Plaintiff alleges that in March 2007, Defendant Superintendent Gary Lopac informed Plaintiff that Plaintiff was going to be reassigned from his present work assignment in the prison industry eyeglass shop. Plaintiff filed a grievance regarding his reassignment to a different work assignment and was reassigned back to the prison industry eyeglass shop after it was determined that Lopac lied to Plaintiff about the reason for his reassignment.

In February 2008, Plaintiff and three other workers were questioned by Lopac regarding some trays of eyeglasses. All inmates questioned responded that they did not know anything about the trays of eyeglasses in question. Subsequently, only Plaintiff was terminated from working in the prison industry eyeglass shop based on the false reason that Plaintiff was responsible for the tray of eyeglasses in question. Plaintiff filed a grievance regarding his termination from the prison industry eyeglass shop which was denied.

Count I of Plaintiff's complaint alleges that Lopac violated Plaintiff's constitutional rights by retaliating against him for filing a grievance. Prisoners are entitled to utilize the available grievance procedures without recrimination. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). Accordingly, Plaintiff's retaliation claim against Lopac survives initial review.

**STATEMENT**

     Count II of Plaintiff's complaint alleges that Lopac violated Plaintiff's right to equal protection when Lopac intentionally terminated Plaintiff from his work assignment without justification, "demonstrating favorable treatment to all the other similarly situated industry workers over the plaintiff." Plaintiff makes no allegations that he is a member of a protected group or that he was treated differently from members not in the protected class. Instead, Plaintiff alleges that Lopac treated Plaintiff different than other prisoners just like him. Accordingly, Plaintiff fails to plead an equal protection claim. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005); *Bennett v. Schmidt*, 153 f.3d 516, 518 (7th Cir. 1998); *McGee v. Mayo*, 04 C 878, 2005 WL 1263141 (S.D. Ill. May 27, 2005) (dismissing equal protection claim based on keeping prisoner from work), *aff'd* 211 Fed. Appx. 492, 2006 WL 3610112 (7th Cir. Dec. 2, 2006).

     Count III of Plaintiff's complaint alleges that Lopac violated Plaintiff's due process rights by removing Plaintiff from his work assignment without a good reason. However, "no prisoner has a legitimate claim of entitlement to a particular job placement, no matter what the facts may be." *Wallace v. Robinson*, 940 F.3d 243, 248-49 (7th Cir. 1991) (finding no due process claim based on prisoner's change in work assignment because prisoner had no liberty or property interest in his prison work assignment).

     Count III further claims that the remaining Defendants – Warden Nedra Chandler, Grievance Officer Chris Barnhart, Administrative Review Board Officer Jackie Miller, and Director Roger E. Walker, Jr. – violated Plaintiff due process rights when they concurred with the denial of Plaintiff's grievance. Any right that a prisoner has to a grievance process is procedural and not substantive, and prison grievance procedures "do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). According, Plaintiff's due process claims regarding the review of his grievance also fail.

     For the foregoing reasons, Counts II and III of Plaintiff's complaint are dismissed. Defendants Nedra Chandler, Chris Barnhart, Jackie Miller, and Roger E. Walker, Jr. are dismissed.

     Troy Haggestad of WilliamsMcCarthy, 120 West State Street, P.O. Box 219, Rockford, Ill. 61105, 815-987-8900, is appointed as counsel for Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Failure of Plaintiff to notify the Court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.

     Within fifteen days of the date of this order, appointed counsel is directed, pursuant to the requirements of Rule 4(d)(2) of the Federal Rules of Civil Procedure, to notify the Defendant of the commencement of the action and to request waiver of service of summons. The notice shall be directed to the named Defendant employed at the Dixon Correctional Center, c/o Warden Nedra Chandler, Dixon Correctional Center, 2600 N. Brinton Avenue, Dixon, Illinois 61021.

     The warden having custody over Plaintiff is directed to make Plaintiff available at a designated Department of Corrections video conference facility to appear before Magistrate Judge Michael Mahoney for a status/settlement conference on September 3, 2008 at 10:30 a.m.